**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 20 2019

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DUSTIN MYERS, Individually and on
Behalf of All Others Similarly Situated**                          **PLAINTIFF**

vs.                                   No. 4:19-cv- 923-BSM

**KOPPERS RECOVERY RESOURCES, LLC,
and KOPPERS, INC.**                                    **DEFENDANTS** Miller

This case assigned to District Judge _____
and to Magistrate Judge _____ Volpe

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Dustin Myers ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Tess Bradford and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint— Collective Action against Koppers Recovery Resources, LLC, and Koppers, Inc. (collectively "Defendants"), he does hereby state and allege as follows:

### I.     JURISDICTION AND VENUE

1.     Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all others similarly situated a proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.     Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4.     Defendant conducts business within the State of Arkansas.

5.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

## II.    THE PARTIES

6.     Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

7.     Plaintiff was employed by Defendant as a salaried employee from approximately July of 2013 until November of 2019.

8.     At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

9.     Defendant Koppers Recovery Resources, LLC ("KRR"), is a Kansas limited liability company.

10.    KRR's registered agent for service is Corporation Service Company, 2900 SW Wanamaker Drive, Suite 201, Topeka, Kansas 66614.

11.     Defendant Koppers, Inc. ("Koppers") is a foreign for-profit corporation with its principal place of business in Pittsburgh, Pennsylvania.

12.     Koppers's registered agent for service in Arkansas is Corporation Service Company, 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

13.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

14.     Upon information and belief, the revenue generated from the companies was merged and managed in a unified manner.

15.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

16.     Defendants have at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

17.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

18.     Defendants have employed at least four employees in each of the three years preceding the filing of this Complaint.

## III.   **FACTUAL ALLEGATIONS**

19.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

20.   At all relevant times herein, Defendants were an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA.

21.   At all times material herein, Plaintiff and those similarly situated have been misclassified by Defendants as salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

22.   Defendants contract with railroad companies to dispose of railroad ties.

23.   Upon information and belief, within the past three years, Defendants acquired MA Energy Resources.

24.   Plaintiff was employed by MA Energy Resources prior to the acquisition, and worked for Defendants after the acquisition.

25.   Upon information and belief, Defendants assumed the predecessor's liabilities upon acquisition.

26.   During the period relevant to this lawsuit, Plaintiff worked as a Field Manager for Defendants.

27.   At all relevant times herein, Defendants directly hired Field Managers to work at its jobsites, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

28.     As Field Managers, Plaintiff and similarly situated employees were responsible for preparing and monitoring crews who gathered and disposed of old railroad ties.

29.     Field Managers were scheduled for ten-hour shifts.

30.     Field Managers work a thirty-day rotation of eighteen days on, twelve days off.

31.     Defendants regularly required Plaintiff and other Field Managers to work on days they were not scheduled to work.

32.     Defendants required Field Managers to attend teleconferences each morning for several hours, even on days they were not scheduled to work, or on days when they worked the night shift.

33.     Defendants required Field Managers to answer their phone at all times, even on days they were not scheduled to work.

34.     On days when Field Managers were scheduled to work, Defendants regularly required them to work far more than ten hours a day.

35.     Defendants tracked Field Managers travel using a GPS system.

36.     Field Managers were required to fill out a travel report each week.

37.     Defendants were aware that Field Managers worked far more than forty hours per week.

38.     Defendant paid Field Managers the same amount regardless of how many hours they worked each week.

39.     It was not uncommon for Field Managers to work more than eighty hours in a week.

40.    Field Managers did not hire or fire any other employee.

41.    Field Managers were not asked to provide input as to which employees should be hired or fired.

42.    Field Managers did not exercise independent judgment as to matters of significance.

43.    At all relevant times herein, Defendants have deprived Plaintiff and similarly situated Field Managers of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

44.    Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

## IV.    REPRESENTATIVE ACTION ALLEGATIONS

45.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

46.    Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Regular wages and overtime premiums for all hours worked in excess of forty per week;

B.    Liquidated damages; and

C.    The costs of this action, including attorney's fees.

46.    Plaintiff proposes the following class under the FLSA:

**All Field Managers in the last three years.**

47.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

48.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49.     The proposed FLSA class members are similarly situated in that they share these traits:

A.     They were misclassified as salaried employees;

B.     They were not paid overtime wages as required by the FLSA;

C.     They worked more than forty (40) hours in at least one week; and

D.     They had substantially similar job duties, requirements, and pay provisions.

50.     Plaintiff is unable to state the exact number of the class but believes that there are approximately five (5) other employees who worked as Field Managers and were misclassified as salaried employees.

51.     Defendants can readily identify the members of the Section 16(b) class, which encompasses all salaried Field Managers.

52.     The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as

soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V.    FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

53.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55.    At all times relevant to this Complaint, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56.    At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58.    At all times relevant times to this Complaint, Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

59.    Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

60.     Defendants' failure to pay Plaintiff all overtime wages owed was willful.

61.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.     SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

62.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63.     Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64.     At all times relevant times to this Complaint, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

65.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

66.     At all times relevant to this Complaint, Defendants misclassified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

67.     Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

68.     Defendants willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

69.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.   THIRD CAUSE OF ACTION
### (Individual Claim for Violation of AMWA)

70.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

71.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

72.     At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

73.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over

forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

74.     At all times relevant to this Complaint, Defendants misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

75.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

76.     Defendants' failure to pay Plaintiff all overtime wages owed was willful.

77.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## IX.    **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Dustin Myers, individually on behalf of all others similarly situated, respectfully prays as follows:

A.     That each Defendant be summoned to appear and answer this Complaint;

B.     A declaratory judgment that Defendants' practices alleged herein violate the FLSA;

C.     A declaratory judgment that Defendants' practices alleged herein violate the AMWA;

D.      Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E.      Judgment for damages for all unpaid overtime wage compensation owed under the AMWA;

F.      Judgment for liquidated damages pursuant to the FLSA;

G.      Judgment for liquidated damages pursuant to the AMWA;

H.      For a reasonable attorney's fee, costs, and pre-judgment interest; and

I.      Such other relief as this Court may deem just and proper.

Respectfully submitted,

**DUSTIN MYERS, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com